O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD CRAIG MILLER, | ) | Case No. EDCV 16-00105-RSWL (KES) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| JEFFFREY BEARD, Warden, | ) | |
| Respondent. | ) | |

On January 20, 2016, Richard Craig Miller (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner was convicted by a jury on September 21, 1999 in Riverside County Superior Court, Case No. RIF081615 of second degree murder in violation of California Penal Code § 187. (Id. at 2.) Petitioner was sentenced to 15 years to life in state prison. (Id.) Petitioner contends that his conviction and sentence are unconstitutional in light of Johnson v. United States, _U.S._, 135 S.Ct. 2551 (June 26, 2015) which held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. (Id. at 5-6.)

It appears from the face of the Petition that it is directed to the same 1999 judgment of conviction for second degree murder sustained in Riverside County Superior Court as a prior habeas petition filed by Petitioner in this Court on May 11,

2004 in Case No. EDCV 04-00542-RSWL (RZ)[1] [hereinafter the "Prior Action"]. On November 1, 2006, Judgment was entered in the Prior Action denying the Petition and dismissing the action with prejudice. Petitioner filed a Notice of Appeal from that Judgment and a Request for a Certificate of Appealability which was denied by the United States Court of Appeals for the Ninth Circuit on September 6, 2007.

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found*

---

[1] The Court takes judicial notice of its own files and records. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). In this Petition, Petitioner raised three claims: (1) insufficient evidence to support his conviction for second degree murder; (2) his constitutional rights were violated when the prosecution introduced evidence of Petitioner's bad acts; and (3) ineffective assistance of counsel.

> *the applicant guilty of the underlying offense.*
>
> *(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

(Emphasis added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim prior to his filing of the instant Petition in the District Court. Petitioner's failure to secure an order from the Ninth Circuit authorizing the District Court to consider any new claim being alleged in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

//
//
//
//
//
//
//
//
//
//
//
//

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 1/28/2016           s/ RONALD S.W. LEW
                                       RONALD S. W. LEW
                                         UNITED STATES DISTRICT JUDGE

Presented by:

*Karen E. Scott*

KAREN E. SCOTT
United States Magistrate Judge